IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MICHAEL SIMPSON,

    Petitioner,

vs.

BUREAU OF PRISONS,

    Respondent.

CIVIL ACTION NO.: CV514-064

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Michael Simpson ("Simpson"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Simpson filed a Traverse. Respondent filed a Surreply. For the reasons which follow, Simpson's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Simpson was convicted of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(1). Simpson was sentenced to 28 months' imprisonment, and he has a projected release date of October 8, 2015, via good conduct time release.

In his petition, Simpson contends that the Bureau of Prisons has failed to properly compute his sentence because his federal sentence was ordered to run concurrently with his State of Florida conviction. Respondent alleges that Simpson did not exhaust his administrative remedies prior to filing this cause of action, and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Simpson v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

In Porter v. Nussle, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. 534 U.S. 516, 523 (2002). The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.[1] In other words, an institution's requirements define what is considered exhaustion.

---

[1] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses

2

Jones v. Bock, 549 U.S. 199, 218 (2007). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[2] (Doc. No. 7, p. 3). This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form. (Id. at p. 4). If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the BOP's Administrator of the Privatization Management Branch, so long as the appeal involves BOP related matters.[3] (Id.). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel. (Id.). If an inmate files an administrative remedy concerning a BOP related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database. Pichardo v. United States of America, (Case Number CV511-69, Doc. No. 8, p. 3).

---

the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

[2] The BOP contracts with GEO Group, Inc., to house low security criminal alien inmates at D. Ray James Correctional Institution. Williams v. D. Ray James Correctional Facility, CV514-26, Doc. No. 10, p. 2 (S.D. Ga.).

[3] Examples of BOP related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release upon successful completion of the RDAP. (See Case Number CV511-69, Doc. No. 8, p. 3, n.4).

AO 72A
(Rev. 8/82)

The issues raised in Simpson's petition involve BOP related matters. (See, n.3). Simpson filed a BOP administrative remedy during his incarceration at D. Ray James Correctional Facility concerning the issues raised in his petition. (Doc. No. 7-1, p. 31). Simpson then filed an appeal with the Privatization Management Branch, which was denied on August 6, 2014. (Id. at p. 32). Simpson admits that he did not file an appeal with the BOP's Office of General Counsel, the final step in the administrative remedies process, until after he filed this cause of action because he was under the mistaken impression that he had filed the final appeal. Simpson contends that he "has now realized that he had mistakingly (sic) sent the [appeal] form to the wrong place and in an incorrect order. Petitioner has since rectified this matter by mailing the final appeal to the BOP's Office of the General Counsel." (Doc. No. 8, p. 1). This appeal is dated October 27, 2014. (Id. at pp. 6–7). Simpson filed this section 2241 petition on September 2, 2014. A petitioner is required to exhaust all available administrative remedies *before* filing a cause of action in federal court. Winck, 327 F.3d at 1300 n.1 (citing Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

Because Simpson did not fully and properly exhaust his administrative remedies prior to bringing this petition, he has not exhausted his available administrative remedies regarding the issue raised in his petition. As Simpson has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to consider the merits of his petition.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Simpson's 28 U.S.C. § 2241 petition be **DISMISSED**, without prejudice, due to Simpson's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 18th day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE